IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL L. LANGLEY,                    No.  CIV.S-03-1131 DAD

    Plaintiff,

  v.                                   ORDER

JO ANNE B. BARNHART,
Commissioner of
Social Security,

    Defendant.
_____/

    This social security matter is before the court on defendant's motion to dismiss, which the undersigned has construed as a motion for summary judgment.  The motion was submitted on the record and papers on file without oral argument.  For the reasons set forth below, defendant's motion will be granted.

## BACKGROUND

    Plaintiff initiated this action by filing a complaint on May 20, 2003, seeking review of a final decision denying plaintiff's application for Supplemental Security Income under Title XVI of the

1

Social Security Act.  In response, defendant filed the instant motion seeking dismissal of the complaint on the grounds that it was filed beyond the sixty-day statute of limitations period provided by 42 U.S.C. § 405(g).[1]  Defendant has neither filed an answer nor lodged the transcript of administrative proceedings in light of the pending motion.  Plaintiff has responded to defendant's motion by filing written opposition in which he contends that he filed his complaint within sixty days of the date of the Commissioner's final decision.

**SUMMARY JUDGMENT STANDARDS**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Owen v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992).

---

[1] Defendant styled her motion as a motion to dismiss, but the undersigned has construed it as a motion for summary judgment because it relies on materials outside of the pleadings.  See Fed. R. Civ. P. 12(b).  The court has considered whether the parties are entitled to additional notice regarding this conversion of defendant's motion to dismiss to one for summary judgment.  See id. (requiring "all parties shall be given reasonable opportunity to present all material made pertinent to" a converted motion).  However, both parties' submission of extrinsic evidence for the court's consideration in connection with the motion demonstrates that they have sufficient constructive notice in this regard.  See In re Rothery, 143 F.3d 546, 549 (9th Cir. 1998)("A party is 'fairly apprised' that the court will in fact be deciding a summary judgement motion if that party submits matters outside the pleadings to the judge and invites consideration of them."); Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1532-33 (9th Cir. 1985); David v. City and County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996)("The required notice may be actual or constructive, and in some circumstances, courts have concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice.").  Therefore, no additional notice is necessary.

> The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## ANALYSIS

42 U.S.C. § 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The sixty-day period set forth in § 405(g) is not jurisdictional, but rather is a statute of limitation.  Bowen v. City of New York, 476 U.S. 467, 479 (1986).  Because it is a condition precedent to the waiver of sovereign immunity, however, it is to be strictly construed.  City of New York, 476 U.S. at 479.

Regulations accompanying § 405(g) explain the meaning of the term "mailing" as used therein.  The regulations clarify that a civil action must be commenced within sixty days after the notice "is

3

received by the individual." 20 C.F.R. § 422.210(c). The regulations also establish a rebuttable presumption that a claimant received notice of the Appeals Council's final decision "5 days after the date of such notice." Id. See Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987). A claimant may overcome this presumption by making a "reasonable showing" that he did not receive such notice within five days of its issuance. 20 C.F.R. § 422.210(c). If the claimant successfully rebuts the presumption, the burden is then placed upon the Commissioner to establish that the claimant received actual notice. See McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984).

Defendant moves to dismiss plaintiff's complaint on the grounds that it was filed more than sixty days after plaintiff received notice of the Appeals Council's denial of his request for review of the ALJ's decision. More specifically, defendant argues that under 20 C.F.R. § 422.210(c) plaintiff is presumed to have received notice of the Appeals Council's March 7, 2003, decision "5 days after the date of such notice," i.e., on March 12, 2003. In this regard, defendant has supplied the court with a copy of the notice from the Appeals Council which is date-stamped March 7, 2003, as well as a sworn declaration by Patrick J. Herbst, the Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, indicating that the Appeals Council advised plaintiff of its decision on his request for review by notice dated March 7, 2003. (See attachments to Def.'s Mot. to Dismiss.) Defendant also has offered a printout from Social Security computer records showing that

4

1  the Appeals Council denial of plaintiff's request for review occurred
2  on March 7, 2003.  (See Def.'s Reply, Ex. 1).  In light of this
3  showing, defendant contends that plaintiff had sixty days -- until
4  May 12, 2003 -- to file this civil action.  Thus, defendant maintains
5  that plaintiff's complaint, filed on May 20, 2003, is untimely.

6       In response to defendant's motion, plaintiff has submitted
7  a two-paragraph affidavit stating that he did not receive the notice
8  from the Appeals Council until some time in "late March 2003."
9  (Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), Ex. 3.)  The
10 court finds this bare assertion unpersuasive.  It is vague and
11 unaccompanied by any other definitive evidence, such as a postmarked
12 envelope, tending to establish the precise date on which plaintiff
13 received the notice.  See McCall, 832 F.2d at 864-65 (finding the
14 affidavits of plaintiff and counsel claiming that they did not
15 receive notice of decision until over two months after the date it
16 was mailed to be insufficient to rebut presumptive date of receipt);
17 see also Mahon v. Credit Bureau of Placer County Inc., 171 F.3d 1197,
18 1201-02 (9th Cir. 1999)(finding debtors' bare assertion that they did
19 not receive debt validation notice was insufficient to raise a
20 genuine dispute of fact as to whether debt collector sent the notice
21 to debtors as required by Fair Debt Collection Practices Act).

22      Plaintiff has presented the court with a competing copy of
23 the Appeals Council's notice which reflects a date-stamp of March 17,
24 2003.  (Pl.'s Opp'n, Ex. 1.)  However, the March 17, 2003, stamp is
25 in a font and on a location on the document that differs from the
26 font and location typically found on Appeals Council notices reviewed

5

1  by the court in other Social Security cases.  Additionally, next to
2  the date-stamp on plaintiff's copy of the notice is an additional
3  stamp that reads as follows:
4          Department of Human Assistance
        Neighborhood Services Agency
5          3970 Research Drive
        Sacramento, Ca 95838.
6
7  This additional stamp suggests that the adjacent March 17, 2003,
8  stamp was placed on the document by the Department of Human
9  Assistance, presumably upon that office's receipt of the notice.  In
10 his opposition to the motion to dismiss, plaintiff fails to
11 acknowledge the presence of the Department of Human Assistance stamp,
12 nor attempts to explain why it is there.  All the evidence before the
13 court points to the conclusion that the March 17, 2003, date-stamp
14 was placed on the document by someone other than the Appeals Council
15 when it mailed the notice.
16         Finally, as set forth above, plaintiff's claim that the
17 Appeals Council made its final decision on March 17, 2003, is
18 directly refuted by the official records kept by the Commissioner as
19 well as the declaration of Mr. Herbst demonstrating that the final
20 decision was issued on March 7, 2003.
21         It is important to keep in mind that a claimant bears the
22 burden of making a "reasonable showing" that he did not receive the
23 notice in a timely manner in order to rebut the presumption that he
24 received notice of the Appeals Council's final decision five days
25 after the date of such notice. For the reasons set forth above, the
26 /////

6

1 court finds that plaintiff has failed to meet his burden in this
2 regard.  Therefore, plaintiff's action is untimely.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant's motion to dismiss, which the court has construed as a motion for summary judgment, is granted; and

2.  This action is dismissed as barred by the applicable statute of limitations.

DATED: August 15, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1/orders.socsec/langley1131.order